UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

STAGE DOOR DEVELOPMENT, INC.,

      Debtor.

Case No. 07-11638-DHW
Chapter 11

ORDER DISALLOWING CLAIM

The debtor filed an objection to Claim #20 of James Timothy Turner. The objection came on for an evidentiary hearing on November 5, 2008. Turner appeared *pro se* at the hearing, and the debtor appeared through counsel. Upon consideration of the objection and the evidence adduced at the hearing, the court finds and concludes as follows.

Turner filed a claim in the amount of $5 million asserting that after the debtor filed chapter 11, Turner paid in part or in full a debt owed by the debtor to Citizens Bank. The claim is due to be disallowed for the following reasons.

First, there is no evidence that the claim was paid in legal tender. As sole evidence of payment, Turner produced a "bonded promissory note" drawn by him on the Treasury of the United States. The note was not issued by or on behalf of the United States. Turner contends that, as a citizen of the United States, he has authority to commit treasury funds for a private debt. The court concludes that the note does not constitute legal tender.

Second, there is no evidence that Citizens Bank has been paid. The claim of Citizens Bank has not been withdrawn, and there is no evidence that the claim has been assigned, to any extent, to Turner. Fed. R. Bankr. Proc. 3001(e)(2) sets forth the procedure for assignment of a claim. Turner has not followed this procedure.

Third, if this "bonded promissory note" constitutes a postpetition loan to the debtor, the parties did not obtain court approval for the loan as required under 11 U.S.C. § 364.

For the above reasons, Claim No. 20 filed by James Timothy Turner is DISALLOWED.

Done this 6th day of November, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
C. H. Espy, Jr., Attorney for Debtor
James Timothy Turner, *pro se*
William C. Carn, III, Trustee