IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
H. JACK MIZELL               )
                             )
    Appellant,               )
                             )        CIVIL ACTION NO.
    v.                       )          1:08cv822-MHT
                             )              (WO)
WILLIAM C. CARN, III,        )
                             )
    Appellee                 )
```

OPINION

Appellant H. Jack Mizell has not, as directed by this court's order (Doc. No. 4), specified which of two rulings his vague and confusing appeal is meant to address.  Nonetheless, it is apparent that his appeal of either order cannot succeed.  As a result, the appeal will be dismissed for the reasons, stated briefly, as follows.

If Mizell appeals the July 3, 2008, order directing the sale of assets, that appeal is untimely.  Such appeals "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bank. Pro. 8002(a).  Mizell

neither objected to this order at the time it was issued nor filed a timely appeal with this court. Moreover, Mizell has not addressed, as requested by the court, the issue of timeliness.

If Mizell is appealing the September 11, 2008, order denying Mizell's second "emergency" petition, that appeal must fail for similar reasons. While Mizell's filings are always difficult to understand--indeed, his short appeal to this court contains seemingly unrelated references to the Old Testament, eminent domain, food-product manufacturers, and administrative remedies available to the soul after death--it appears as if his "emergency" petition is merely an attempt to relitigate the issue of the sale of assets that he failed to appeal timely and that he attempted without success to address in his first "emergency" petition filed a month earlier. The court cannot permit a party to circumvent the rules of procedure simply by calling his motions something different. See <u>United States Department of the Air Force</u>

v. Carolina Parachute Corp., 907 F.2d 1469, 1473 (4th Cir. 1990). Because Mizell did not timely appeal the previous order, he cannot revisit that decision simply by filing a new "emergency" petition.

Moreover, appellee William C. Carn III argues--and Mizell does not offer any argument in opposition--that this issue is now moot. Mizell's failure to obtain a stay of the sale has now rendered his appeal moot because "the Bankruptcy Code provides that once a sale is approved by the bankruptcy court and consummated by the parties, the bankruptcy court's authorization of the sale cannot be effectively altered on appeal." See In re The Charter Company, 829 F.2d 1054, 1056 (11th Cir. 1987) (holding that "the failure to obtain a stay renders the appeal moot"). This is an additional, independent reason to dismiss Mizell's appeal.[*]

---

[*] The court notes that, even if it had jurisdiction to hear Mizell's appeal, the case would lack merit. Carn correctly argues that Mizell does not cite any legal authority in support of his arguments. Moreover, Mizell also failed to object to the sale of the assets at the
(continued...)

***

Thus, Mizell's appeal of the bankruptcy court's order or orders will be dismissed. An appropriate judgment will be entered.

DONE, this the 31st day of December, 2008.

                                               /s/ Myron H. Thompson
                                              UNITED STATES DISTRICT JUDGE

---

\* (...continued)
time that it was ordered.