Michael Fritz, Esq
Assistant Bankruptcy Administrator
One Church Street, Suite 103
Montgomery, AL 36104

From: Haywood Jackson. Mizell &
James Timothy Turner
285 East Broad Street
Ozark, AL 36360

# NOTARY PRESENTMENT

Enclosed documents are being presented by the under signed notary with return receipt requested by Delivery Confirmation No.0308 1400 0001 2925 2221
The following documents were place in an envelope, sealed and mailed by the undersigned Notary.

## List of Documents

1. REPLY TO MOTION FOR INJUNCTIVE RELIEF AND SANCTIONS

I solemnly swear or affirm on January 28, 2009 Haywood Jackson Mizell and James Timothy Turner appeared before me and presented the afore mentioned documents.

_____     Notary Seal
**Charlotte Allison**

RECEIVED JAN 29 2009
U.S. BANKRUPTCY ADMINISTRATOR
MIDDLE DISTRICT OF ALABAMA

FILED JAN 29 2009
U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In Re: )
)
STAGE DOOR DEVELOPMENT, INC. ) Bankruptcy Case No. 07-11638
)
Creditor )

## REPLY TO MOTION FOR INJUNCTIVE RELIEF AND SANCTIONS

Comes now H. Jack Mizell, and James Timothy Turner, Third Party Plaintiffs, by special visitation and not appearing generally, before this court seeking a remedy in Admiralty as is provided by "The Saving to the Suitors Clause" at USC 28 -1333(1). We are standing in our unlimited commercial liability as a Secured Party Creditor and request that the officers of this court do the same. We respectfully request the indulgence of this court as we are not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519.

Haines vs. Kerner establishes that the court is to assist in procedural matter for those who are not attorneys. Where is the assistance?

The entire issue hinges on the request for a production by Citizens Bank of a "wet-ink signature" on a promissory note for an in-camera inspection of the alleged note.. No "wet-ink signature" has been brought forth, and under oath Mr. Carn stated that no "wet-ink promissory note had been seen by him. Citizens Bank further asserts Mizell "has been given the opportunity to examine the original note at the bank if he desired." Citizens Bank also pointed out that it did not sell the note as alleged by Mizell. There is no contract between the bank and Stage Door. Normally, a borrower signs loan papers when the loan is made. A representative of the bank signs as well, but the ONLY capacity in which the bank's representative signs is so as to certify that the borrower's signature is

valid and correct. The representative of the bank does NOT append his signature in a mode or manner that creates a contract between the borrower and the bank. The reason that the bank's representative does not sign in order to create a contract is that the bank is aware that it is not giving the borrower ANYTHING AT ALL.

This gives rise to a great debate on the nature of money, interest, credit, or what some might call a sort of sleight-of-hand transfer of nothing – depending on one's instincts.

Continuing one, when a borrower signs the documentation, what he is doing is creating a new negotiable piece of paper which provided the bank or another party accepts it as such, can be converted into a LOAN. But it is a loan to the bank, not to the borrower.

The bank books will show the transaction as a credit, as banks are privileged institutions which enjoy the right to create money by monetising promissory notes.

The bank then places the amount that THE BORROWER loaned them via the loan document onto the borrower's account (deposit account), or else issue a certified check or some other payment method from the transaction book entry account.

That process creates a debit on the bank's books.

FIDDLING OF BANK'S BOOKS DOES NOT CREATE A CONTRACT.

In other words, all of a sudden, the bank's books are balanced, since the bank possesses a credit and a debit that suddenly match. But that process does not create a contract, which is what the court requires to be filed, in order to support any request for foreclosure PROVIDED A CONTRACT IS REQUESTED BY THE PERSON BEING

FORECLOSED UPON, WHEN THE FORECLOSURE IS BEING CHALLENGED IN COURT.

A contract must have two parties. Since the federal courts require a contract with two signatures, an Ohio Federal Court voided foreclosures demanded by Deutsche Bank, ruling that the de facto holders of the property in question 'owe nothing'... Just as Citizens Bank stated so did Deutsche Bank in saying that lenders or investors own the loan and services-companies that collect mortgage payments-- handle foreclosure? The basis of that (Ohio) ruling was as stated in the paragraphs above. In addition, Deutsche Bank could not provide the contract because it did not possess a contract...Accordingly; the court properly dismissed the foreclosure process.

In the matter before this court, even NIHIL DICIT was advanced. NIHIL DICIT is defined as HE SAYS NOTHING. Mizell has the audio transcript of each and every hearing in this case except the telephone conferences. Much has been said, but the parties to the claim and lien failed to put in a plea or answer the negative averment by the day assigned; and in this case judgment is given against all the silent moving parties of course, as they say nothing why it should not. Vide 15 Vin. Ab. 556; Dane's Ab. Index, h.t.

In the matter of the Bonded Promissory Note presented on May 3, 2008 by James Timothy Turner, Citizens Bank had ten days to process the note for complete offset of the alleged debt, or return the Bonded Promissory Note stamped dishonored and returned. Citizens Bank kept the note, which is by law the same as cash. The bank does not have the option of not accepting. Turner's Bonded Promissory Note discharged the note.

"COURTS WILL 'DO THE RIGHT THING' IF THEY HAVE NO CHOICE."

God is not able to forgive sin as evidenced by the cross; instead He provided a remedy as a free gift. He who violates the contract voids the contract. One who refuses the remedy must pay. All remedies have been refused.

Mr. Carn, Appointed Trustee swore under oath to having never seen "proof of claim" up until that time, never having been exposed to the FCC rules governing the operation of an FM. Please see Exhibit CA, the FCC letter outlining the "hold-up".

For further understanding I can document that the Admiralty is under Article III, where the constitution and statutory law both apply. In addition, I uncovered four other important issues that legally bind up the judicial officers into either following the law, or walking the plank. I have learned that in the Admiralty, the state (government) waives its immunity seven different ways, through the Suits in Admiralty Act (three ways), through the Bill of Lading Act, through the Admiralty Extension Act, through the Foreign Sovereign Immunity Act, and through the Public Vessels Act. Please note that Mr. James Timothy Turner is a Secured Party Creditor. Please refer to 28 U.S.C. 1333 or 1337.

Tax cases are addressed at 28 U.S.C.2461 and all tax revenue cases are done through the Admiralty, and are disguised as civil proceedings.

Please allow me to direct you to informative reading Title 49 U. S. Codes, Chapter 801 § 80113; Title 46 U. S. A. Appendix, Ch, 19-A §: 80116; Title 28 U.S. Codes §1605; Title 46: U. S. Codes Chapter: 22:§781.

Learning about the history of the Post Office and Judicial Courts having been established before the seat of the government gave rise to Postal System usage. (See *Gales and Seaton's History* [H. of R.], p. 928; Bouvier, John. *Law Dictionary. Adapted to the Constitution and Laws of the United States of America And of the several States of the*

*American Union, With References to the Civil and Other Systems of Foreign Law.* In the Philadelphia, by the Childs & Peterson. (1856) *Universal Postal Union,* p. 73-103.

The compelled court appearance of Haywood Jackson Mizell and James Timothy Turner as scheduled for February 11th does not convey any authority to change the jurisdiction in the matter of the Maritime liens since the jurisdiction resides in the Court of International Claims. There is no controversy in this matter of the lien's validity, henceforth nothing for the court to consider. The court does not have to answer a question that it is not asked to adjudicate upon or take into consideration.

On the face of this joint motion is the obvious validity of the liens since no evidence was brought forward to rebut the basis of the liens themselves. A plea for injunctive relief and sanctions was made as if the court might pass the movers a friendly life-saving lifeline.

The *"in rem"* arrest of the radio station and seizure of the tower site by the Trustee was rebutted and counterclaimed, but the rebuttal (counterclaim) was not even considered by this bankruptcy court. This is called an "in rem" action, because the vessel is seized without any proof. The creditor does not have to prove that the debt is owed unless someone files a counterclaim in a court. There can be no question that a counterclaim was filed. A Notice of Lien can be sent to an alleged debtor without any proof or any filing. The courts have termed this a "secret lien" because it is not filed anywhere. The UNITED STATES is the only government that has codified maritime liens into statutes, which is Title 46, Chapter 313. The secret lien is codified in 46 USC 31342. Maritime liens have a higher priority than all other liens. Their priority over statutory liens is stated in 46 USC 31307. Priority over common law liens is stated in 46 USC 31326. Mortgage liens, IRS

5

tax liens and other government liens are listed at the lowest priority. Recorded maritime liens take priority over unrecorded liens and are called preferred maritime liens. The responsibility to record maritime liens is delegated to the UNITED STATES COAST GUARD. The forms and instructions are on their web site. But since there are no requirements for filing a maritime lien, and no proof required, one can provide the public a Notice of Claim of Maritime Lien by recording it with the county or with the Secretary of State or recording it on a UCC1. All bankruptcy seizures are considered 'in rem' actions. Thus the title of the court case "In re: Stage Door" means it is in rem.

It is considered that bank foreclosures, traffic tickets and other government arrests are only "notices of interest" or "notices of lien" based on secret maritime liens that have no proof and are rebuttable with a counterclaim. Enforcement of maritime liens is discussed in 28 USC 1602 to 1611, which is the Foreign Sovereign Immunity Act. Since a "person" is defined as a "foreign state" and owner of a vessel, these statutes describe daily life in the UNITED STATES.

The most quoted reference that defines a vessel as a person in admiralty jurisdiction is: G. Gilmore & C. Black, The Law of Admiralty p: 586-89 (2d ed. 1975)

A vessel is defined as a person and it is also common language in the dictionary and the Bible. Vessel is defined in the US Code at 1 USC 3. Black's Law Dictionary 8th Addition says the definition of vessel is very broad. The standard dictionary defines vessel as "a person as an agent or holder of something".

# FACTS

Broker Ken Hawkins stated, under oath, that Citizens Bank could not give clear title to the radio without a combination sale that included the TV; therefore, Citizens Bank was not a proper party and had no standing to sue for foreclosure, which establishes as a matter of law that the Citizens Bank was not a proper party, had no standing to sue for foreclosure, committed 'bad faith acts' and therefore, committed willful, wanton, malicious, frivolous, fraudulent, and other outrageous acts as confessed to in the Affidavit of Negative Averment.

Citizens Bank misrepresented a number of issues before the Coffee County Circuit Court and before the Bankruptcy Court of the Middle District of Alabama., including but not limited to false representations that they were the proper party and had standing to sue Stage Door Development, Inc. and Josie Park Broadcasting, Inc. This frivolous and malicious litigation caused the sued parties to devote all of their time defending against the litigation, causing their broadcast businesses to suffer financially to the point of being defunct.

After almost 2 years of contentious litigation in the Alabama state court, and Bankruptcy Court, Stage Door and Josie Park accused Citizens Bank of willfully refusing to produce the original, wet-ink signed mortgage note and other required pertinent lending documents, willfully failed to accept or return lawful offset documents, and willful violations of predatory lending practices of 'balloon payments' and 'equity stripping' of the properties in question.

Refusing rebuttal evidence the United States Bankruptcy Court for the Middle District of Alabama ruled that Citizens Bank was the proper party, had standing to bring suit against Stage Door, and in turn appointed the bank's former attorney as Trustee, all

7

for foreclosure of the property, and heard stated that Citizens Bank had committed 'bad faith' acts including never showing to the court or the Trustee the original wet-ink signature on a mortgage. The Judge Dwight Williams refused a proposed electronic forensic accounting examination which could have proven that Citizens Bank had not sold the note. Instead, the Judge Williams ordered the sell of the Stage Door's property. In fact, the Trustee and attorney, who had formally represented Citizens Bank, admitted in open court, that Citizens Bank had not presented the wet-ink signature document which would confirm the Bank as a proper party.

No valid original, wet-ink signed promissory (mortgage) note has ever been produced for examination.

The Counterclaim and subsequent liens is an action to obtain redress in monetary damages for the unconstitutional deprivation of liberties guaranteed by the Constitution for the United States of America, First, Fourth, Fifth, Seventh, Ninth and Fourteenth Amendments, and to obtain redress in monetary damages for common law torts of fraud, deception, outrageous conduct, fraudulent conversion of property, intentional infliction of emotional distress, violations of fiduciary duty causing the defrauding of Stage Door and Josie Park.

See Exhibit CC, which are pages of documents provided by the court addressing the importance of a "proof of claim" and the application of the "lache doctrine". There is no "proof of claim" from the foreclosing bank; therefore there can be no foreclosure without a valid original "proof of claim". A copy cannot be accepted as proof.

No one is willing to pay for a "useless" and "worthless" claim. Setoff or settlement of the claimed account with what the Treasury considers the same as cash cannot be

performed for such a useless and worthless claim. What other explanation can be offered for wanton refusal of the settlement of all accounts.

NO ONE HAS PERMISSION TO ALTER OR DISMISS THESE CLAIMS AND LIENS. See Exhibit CB, Perfected Lien Timeline Report. Haywood Jackson Mizell and James Timothy Turner want nothing from the court, and can offer no action.

H. Jack Mizell, in propria persona
285 East Broad Street
Ozark, AL 36360
334-774-7673
fax 334-774-6450
January 28, 2009

James T. Turner, in propria persona
723 County Road 37
Skipperville, AL 36347
334-685-2742
January 28, 2009

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing REPLY TO MOTION FOR INJUNCTIVE RELIEF AND SANCTIONS has this 28th day of January 2009, been made by depositing copies thereof, postage prepaid, in the United States mail addressed to the following:

Michael Fritz, Esq
Assistant Bankruptcy Administrator
One Church Street, Suite 103
Montgomery, AL 36104

William W. Nichols
Attorney for Trustee William C. Carn, III
P. O. Box 1665
Dothan, AL 36302

Henry A. Callaway, III
Hand Arendall, LLC
P.O. Box 123
Mobile, AL 36601

/s/ Haywood Jackson Mizell
Haywood Jackson Mizell, in propria persona
285 East Broad Street
Ozark, AL 36360

# EXHIBIT CA

Exhibit CA



Federal Communications Commission
Washington, D.C. 20554

December 17, 2008

In Reply Refer to:
1800B3-RBG

David D. Burns, Esq.
Latham & Watkins, L.L.P.
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304

In re: Assignment of License of Station
WUSD(FM), Geneva, Alabama
File No. BALH-20080718ANP
Facility ID No. 62206

Dear Counsel:

This concerns the opposition pleading you filed on behalf of Gulf South Communications, Inc. ("Gulf South") in response to the informal objection filed on behalf of Stage Door Development, Inc. ("Stage Door"), the debtor in a bankruptcy proceeding pursuant to which control of Station WUSD(FM) ("WUSD"), Geneva, Alabama, has been transferred to William C. Carn, III, Trustee in Bankruptcy of Station WUSD (the "Trustee"). Stage Door's informal objection was directed against the application (File No. BALH-20080718ANP) for assignment of the Station WUSD license from the Trustee to Gulf South.

In its informal objection, Stage Door asserts, *inter alia*, that the location of Gulf South's proposed main studio for Station WUSD does not comply with the Commission's main studio location rule, Section 73.1125 of the Commission's Rules. In response to Stage Door's assertion, Gulf South claims that Station WUSD's future main studio location in Dothan, Alabama, is within the station's principal community contour and thus complies with Section 73.1125(a)(2) of the Commission's Rules.

Pursuant to Section 73.1125(a)(2), a main studio location for an AM, FM, or TV broadcast station may be located "at any location within the principal community contour of any AM, FM, or TV broadcast station licensed to the station's community of license." Based on Station WUSD's licensed transmitter site and the standard signal prediction methodology set forth in Section 73.313 of the Commission's Rules, the principal community contour of Station WUSD does not encompass the studio location specified by Gulf South in its opposition pleading. Further, we note that the principal community contour of the only other broadcast station licensed to Geneva, Alabama, Station WGEA(AM), also does not encompass the proposed main studio location. Finally, we note that the specified studio location is neither located within Geneva nor less than 25 miles from the reference coordinates for the center of this community.[1] Accordingly, Gulf South is requested to demonstrate the manner in which it will comply with Section 73.1125 of the Commission's Rules.

---

[1] See 47 C.F.R. § 73.1125(a)(1) and (3).

Gulf South IS AFFORDED sixty (60) days to respond to this inquiry in writing, with a copy served on all other parties to the proceeding in accordance with our rules on *ex parte* communications, Section 1.1200 *et seq*. Failure to respond to this inquiry within 60 days will result in the dismissal of Gulf South's assignment application for failure to prosecute, pursuant to Section 73.3568 of the Commission's Rules.

Sincerely,

Peter H. Doyle, Chief
Audio Division
Media Bureau


cc: John C. Trent, Esq.
Putbrese Hunsaker & Trent, P.C.

Lauren A. Colby, Esq.
Law Office of Lauren A. Colby

H. Jack Mizell, President
Stage Door Development, Inc.

# EXHIBIT CB

Exhibit CB

# PERFECTED LIEN
# TIMELINE REPORT
## DECEMBER 2008

| Mailed | Defendant & Document | Received | Signed for Acceptance | Registered Mail Number |
|---|---|---|---|---|
| 6/27/2008 | AFFIDAVIT OF NEGATIVE AVERTMENT, OPPORTUNITY TO CURE, AND COUNTERCLAIM | | | |
| NOTARY | Hand, Arendall, LLC 63-0259798 | 6/30/2008 | Ryan Ryanl | 7008 0150 0001 8350 3669 |
| PRESENT | Henry A. Callaway III | 6/30/2008 | Ryan Ryanl | 7008 0150 0001 8350 3652 |
| MENT | Roger Bates | 6/30/2008 | Michael Shelton | 7008 0150 0001 8350 3591 |
| | Whit Armstrong, Pres. | 6/30/2008 | Becky Armstrong | 7008 0150 0001 8350 3638 |
| | Gulf South 64-0387140. | 7/1/2008 | Michael C. Sterling | 7008 0150 0001 8350 3676 |
| | William C. Carn III 63-1263691 | 7/2/2008 | Faye Grissette | 7008 0150 0001 8350 3614 |
| | Citizens Bank 63-0245356 | 7/2/2008 | Charles E. Jones | 7008 0150 0001 8350 3683 |
| Pros Svr | Ronald W. Eubanks | 7/21/2008 | Roger Elkins, PS | 7008 0150 0001 8350 3621 |
| Pros Svr | Jimmy H. Baker | 8/13/2008 | Smith Detective | 7008 0150 0001 8350 3645 |
| | Clerk of Court | 7/9/2008 | L. R. Colombini | 7008 0150 0001 8350 2471 |
| 7/25/2008 | DEMAND FOR PAYMENT | | | |
| NOTARY | Hand, Arendall, LLC 63-0259798 | 7/29/2008 | Sue Elkins | 7008 0150 0001 8350 9999 |
| PRESENT | Henry A. Callaway III | 7/28/2008 | Bruce Marsh | 7008 0150 0001 8350 9937 |
| MENT | Roger Bates | 7/28/2008 | Michael Shelton | 7008 0150 0001 8350 9920 |
| | Whit Armstrong, Pres. | Refused | | 7008 0150 0001 8350 9906 |
| | Gulf South 64-0387140. | 7/31/2008 | Adrian Perry | 7008 0150 0001 8351 0001 |
| | William C. Carn III 63-1263691 | 7/28/2008 | Faye Grissette | 7008 0150 0001 8349 0662 |
| | Citizens Bank 63-0245356 | 7/30/2008 | Charles E. Jones | 7008 0150 0001 8350 9944 |
| | Ronald W. Eubanks | 8/8/2008 | K Bond | 7008 0150 0001 8350 8909 |
| | Jimmy H. Baker | Refused | | 7006 0810 0000 7584 2477 |
| | Clerk of Court | 7/28/2008 | Gerald L. Dennis | 7008 0150 0001 8350 9913 |
| 8/1/2008 | SECOND DEMAND FOR PAYMENT | | | |
| NOTARY | Hand, Arendall, LLC 63-0259798 | 8/4/2008 | Bruce Mack | 7008 0150 0001 8350 8732 |
| PRESENT | Henry A. Callaway III | 8/4/2008 | Bruce Mack | 7008 0150 0001 8350 8770 |
| MENT | Roger Bates | 8/4/2008 | Michael Shelton | 7008 0150 0001 8350 8763 |
| | Whit Armstrong, Pres. | 8/5/2008 | Charles E. Jones | 7008 0150 0001 8350 8749 |
| | Gulf South 64-0387140. | 8/5/2008 | Michael C. Sterling | 7008 0150 0001 8351 8756 |
| | William C. Carn III 63-1263691 | 8/4/2008 | B White | 7008 0150 0001 8349 8787 |
| | Citizens Bank 63-0245356 | 8/5/2008 | Charles E. Jones | 7008 0150 0001 8350 8794 |
| | Ronald W. Eubanks | 8/19/2008 | K Bond | 7008 0150 0001 8350 9982 |
| | Jimmy H. Baker | Refused | | 7008 0150 0001 8350 3645 |
| | Clerk of Court | 8/4/2008 | Mable Pierce | 7008 0150 0001 8350 8817 |
| 8/8/2008 | FINAL DEMAND FOR PAYMENT | | | |
| NOTARY | Hand, Arendall, LLC 63-0259798 | 8/11/2008 | Sue Elkins | 7008 0150 0001 8350 8831 |
| PRESENT | Henry A. Callaway III | 8/11/2008 | Sue Elkins | 7008 0150 0001 8350 8848 |
| MENT | Roger Bates | 8/11/2008 | Michael Shelton | 7008 0150 0001 8350 8855 |
| | Whit Armstrong, Pres. | 8/12/2008 | Charles E Jones | 7008 0150 0001 8350 8862 |
| | Gulf South 64-0387140. | 8/12/2008 | Michael Sterling | 7008 0150 0001 8350 8879 |
| | William C. Carn III 63-1263691 | 8/11/2008 | B White | 7008 0150 0001 8349 8886 |
| | Citizens Bank 63-0245356 | 8/12/2008 | Charles E. Jones | 7008 0150 0001 8350 8893 |
| | Ronald W. Eubanks | 10/212008 | K Bond | 7006 0810 0000 7584 2460 |
| | Jimmy H. Baker | Refused | | |
| | Clerk of Court | 8/11/2008 | J. S. Wilson | 7008 0150 0001 8350 8824 |
| 10/20/2008 | ANOTHER FINAL DEMAND FOR PAYMENT | | | |
| NOTARY | Hand, Arendall, LLC 63-0259798 | 10/23/2008 | Sue Elkins | 7006 0810 0000 7584 2422 |
| PRESENT | Henry A. Callaway III | 10/23/2008 | Sue Elkins | 7006 0810 0000 7584 2453 |
| MENT | Roger Bates | 10/21/2008 | Michael Shelton | 7006 0810 0000 7584 2439 |
| | Whit Armstrong, Pres. | 10/21/2008 | Becky Armstrong | 7006 0810 0000 7584 2446 |
| | Gulf South 64-0387140. | 10/22/2008 | Michael C. Sterling | 7006 0810 0000 7584 2392 |
| | William C. Carn III 63-1263691 | 10/21/2008 | B White | 7006 0810 0000 7584 2415 |
| | Citizens Bank 63-0245356 | 10/21/2008 | Charles E. Jones | 7006 0810 0000 7584 2408 |
| | Ronald W. Eubanks | 10/21/2008 | K Bond | 7006 0810 0000 7584 2460 |
| | Jimmy H. Baker | 10/21/2008 | Joy Baker | 7006 0810 0000 7584 2447 |
| 8/18/2008 | NOTARY WITNESS, BRENDA SIMECHAK CERTIFICATE OF NON RESPONSE | | | |
| 8/22/2008 | NOTICE OF FINAL DETERMINATION AND JUDGEMENT IN NIHIL DICIT STAMPED BY CLERK | | | |
| 11/12/2008 | UCC 1 FILED IN RECORD IN ALABAMA SECRETARY OF STATE OFFICE 08-7111483 | | | |
| | PREPARED BY HAYWOOD JACKSON MIZELL 12/13/08 | | | |

# EXHIBIT CC

UNITED STATES BANKRUPTCY COURT
Middle District of Alabama

In re                                                          Case No. 07-11638
                                                               Chapter 11
Stage Door Development, Inc.

   Debtor

# ORDER FIXING LAST DATE FOR FILING PROOFS OF CLAIM, COMBINED WITH NOTICE THEREOF

Notice having been previously given that creditors of the above named debtors were not required to file proofs of claim, and it now appearing that a possible dividend may be declared for creditors at a later date, it is

ORDERED, and NOTICE given that **December 23, 2008** is hereby fixed as the last date for filing of proof of claim by any creditor of the above-named debtors who desires a share in any distribution to be paid from the estate as may be allowed. A proof of claim filed by a governmental unit is timely filed not later than 180 days after the date of the order for relief. Creditors and governmental units must file a claim, whether or not they are included in the list of creditors filed by the debtors, no later than the date above fixed or their claim will not be allowed, except as otherwise provided by law. Claims may be filed in the office of the undersigned Clerk on an official form prescribed for proof of claim obtainable from most legal stationery retailers or from http://www.almb.uscourts.gov.

You are further notified that if a distribution is to be declared for creditors, it will not be made until conclusion of the administration of this estate by the trustee. At a later date, you will be given notice of, and an opportunity to object to, the trustee's final report and accounting.

Electronically file (https://ecf.almb.uscourts.gov) or mail original proof of claim to:

   U.S. Bankruptcy Court
   One Church Street
   Montgomery, AL 36104

**** *Any claimant who has previously filed a claim in these proceedings is not required to re-file same and may disregard this notice.*

Dated: September 22, 2008

                                                   _____
                                                   Richard S. Oda
                                                   Clerk, U.S. Bankruptcy Court

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Middle District of Alabama | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Stage Door Development, Inc. | Case Number: 07-11638 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Stage Door Development, Inc.

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Stage Door Development, Inc.
285 E. Broad St.
Ozark, AL 36360-1512

Court Claim Number:_____
(If known)

Telephone number:

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** _____
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

  3a. Debtor may have scheduled account as: _____
  (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

036535