IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| In Re:                            | ) |                              |
|                                   | ) |                              |
|                                   | ) |                              |
| STAGE DOOR DEVELOPMENT, INC.      | ) | Bankruptcy Case No. 07-11638 |
|                                   | ) | Chapter 11                   |
| Creditor                          | ) | IN ADMIRALTY                 |

### REPLY ORDER AVOIDING LIEN AB INITIO, FEBRUARY 11, 2009

JAMES TIMOTHY TURNER AND HAYWOOD JACKSON MIZELL DO <u>NOT</u>

ACCEPT THE UNLAWFUL ORDER OF JUDGMENT.

The AFFIDAVIT OF NEGATIVE AVERMENT, AND OPPORTUNITY TO

CURE, and AND COUNTERCLAIM IN ADMIRALTY requested from all of the third

parties documents that are core proceedings in bankruptcy. Title 28 Part I Chapter 6 §

157 addresses counterclaims by the estate against persons filing claims against the estate,

orders to turn over property to the estate, and determination of the validity, extent, or

priority of liens. The UCC Financing Statement Number B 08-07111483 and UCC

Financing Statement Number B 08-07111607 both filed in the Office of the Secretary of

State of Alabama, plus all the Maritime Liens against each and every third party were

filed after NIHIL DICIT determination and judgment. There is no controversy or dispute

surrounding these claims and liens.

Under the Federal Rules of Bankruptcy Procedure Rule 3001, a claim based on a

writing, the original shall be filed with the proof of claim. Federal Rules of Civil

Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims Rule G.

Forfeiture Actions In Rem (2) (a) a complaint must be verified.

The bank must show the original promissory note in court, or the Stage Door owes

nothing and the mortgage has no validity. A copy of the promissory note, like a copy of a

$100 Federal Reserve Note, has zero validity. 15 USC Chapter 41 (Sections 1601-1667z) - TILA (Consumer protection through Truth in Lending Act). Mortgages must comply with TILA and laws governing mortgages.

If the bank or holder in due course does not present the original Promissory Note in court, (Federal Rules of Bankruptcy Procedure requires the original note for all foreclosure actions) no foreclosure action can be taken.

A promissory note has the nature of a Federal Reserve Note (like a $1000 bill, for example, rare though they are). Both, being negotiable instruments, are like money, and one can spend them the way they spend money, except that the recipient does not have to accept the promissory note because it is not "legal tender for debts." If the holder LOSES THE NOTE, the DEBT NO LONGER EXISTS and just as if one loses his $1000 bill, one no longer may spend that money. That is because the note IS the debt (not just evidence of it), just as the $1000 bill IS the money (for all practical purposes).

Citizens Bank refused Mr. Turners May 3, 2009 Bonded Promissory Note tendered to off-set the alleged balance plus penalties, interest and fees. Citizens Bank declared the documents unacceptable and could have returned the documents stamped dishonored with explanation of their deficiencies or stated that the documents were rejected by the bank exercising its prerogative. Mr. Turner's documents were kept. Where are they? Citizens Bank's failure to return the rejected documents within the time specified (ten days) constitutes acceptance of the documents and makes the payment final in favor of the beneficiary.

The Josie Park Original Bank Promissory Note HAS NOT been presented in court. A request through discovery for an electronic forensic accountant examination of the records surrounding the bank original document was denied by the bankruptcy court.

Assets, specifically the radio station, were ordered sold without proof-of-claim as testified to under oath by the appointed trustee, and sold after what now constitutes payment in full. Illegal action was taken before verification.

All claims against Stage Door were discharged on May 03, 2008. Uniform Commercial Code Article 5 (4) (c).

The Order and Judgment against Mizell and Turner dated 11th day of February, 2009, is a void judgment. The order and judgment were, at a minimum, absent jurisdiction. The order and judgment of a court having no jurisdiction of the person or subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. A void order and judgment is no order and judgment. By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void. NO ONE HAS PERMISSION TO ALTER OR DISMISS THESE CLAIMS OR LIENS.

EFFECT ON PERSON AGAINST WHOM VOID JUDGMENT IS RENDERED. As to the person against whom a void judgment professes to be rendered, it binds the person in no degree whatever. Court of International Claims is the proper venue.

_H. Jack Mizell_

H. Jack Mizell, in propria persona
285 East Broad Street
Ozark, AL 36360
334-774-7673
fax 334-774-6450
February 17, 2009

_James Timothy Turner_

James T. Turner, in propria persona
723 County Road 37
Skipperville, AL 36347
334-685-2742
February 17, 2009

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing REPLY ORDER AVOIDING LIEN AB INITIO, FEBRUARY 11, 2009 has this 18th day of February 2009, been made by depositing copies thereof, postage prepaid, in the United States mail addressed to the following:

Herbert H. West, Jr.
CABANISS, JOHNSTON, GARDNER,
DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
P.O. Box 830612
Birmingham, AL 35283-0612

Dwight H. Williams, Jr.
United States Bankruptcy Judge
Middle District of Alabama
One Church Street, B003
Montgomery, AL 36104

William C. Carn III, a.k.a., WILLIAM C. CARN III
P.O.BOX 1665
DOTHAN, ALABAMA 36104

HAND ARENDALL, LLC,
RSA TOWER
11 NORTH WATER STREET
SUITE 30200
Mobile, Alabama 36601

Roger Bates a.k.a., ROGER A. BATES
C/O HAND ARENDALL
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

THE CITIZENS BANK
301 South Edwards Street
Enterprise, Alabama 36330

Mr. Whit Armstrong
C/O/ THE CITIZENS BANK
110 Red Wing Drive
Enterprise, Alabama 36360

Henry Callaway, III
C/O/ HAND ARENDALL
RSA TOWER
11 North Water Street
Suite 30200
Mobile, Alabama 36601

GULF SOUTH COMMUNICATIONS
P.O. BOX 1699
Meridian, Mississippi 39302

Ronald W. Eubanks
3245 Montgomery Highway
Suite 1
Dothan, AL 36303

Mr. Jimmy H. Baker
2147 Bowen Drive
Montgomery, Alabama 36106-3303

285 East Broad St
Ozark, AL 36360

361049401B

Dwight H. Williams, Jr.
United States Bankruptcy Judge
Middle District of Alabama
One Church Street, B003
Montgomery, AL 36104

