IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In Re: )
)
STAGE DOOR DEVELOPMENT, INC. ) Bankruptcy Case No. 07-11638-DHW
) Chapter 11
Creditor )

## OPPOSITION TO CONVERSION FROM CHATER 11 TO CHAPTER 7

Comes now H. Jack Mizell, who respectfully requests the indulgence of this court as he is not schooled in law. This is provided by the precedent set by Haines vs. Kerner at 404 U.S. 519. Haines vs. Kerner establishes that the court is to assist in procedural matter for those who are not attorneys.

## SIMILAR CASE REPORTS

This case was made a "liquidating Chapter 11" by order of Judge Dwight H. Williams who then appointed Citizens Bank's attorney, William Carn as Trustee.

> Judge Christopher A. Boyko of the Eastern Ohio United States District Court, on October 31, 2007 dismissed 14 Deutsche Bank-filed foreclosures in a ruling based on lack of standing for not owning/holding the mortgage loan at the time the lawsuits were filed.
>
> Judge Boyko issued an order requiring the Plaintiffs in a number of pending foreclosure cases to file a copy of the executed Assignment demonstrating Plaintiff (Deutsche Bank) was the holder and owner of the Note and Mortgage as of the date the Complaint was filed, or the court would enter a dismissal.

Ohio State Judge Steven E. Martin made a similar ruling that the Bank did not have standing to bring the case when it filed the lawsuit.

> For example, in a Kentucky case of *Select Portfolio Serv., Inc. v. Burden (In re Victor)*,[2] the bankruptcy trustee brought an adversary proceeding against the creditor-mortgagee seeking to avoid the mortgage as defectively acknowledged because the certificate of acknowledgement did not identify the debtor-homeowner as the party executing the

mortgage, as was required under the applicable Kentucky recording statutes. The bankruptcy court granted summary judgment in favor of the trustee and against the creditor, which resulted in the creditor's secured lien being avoided. The bankruptcy appeals court affirmed the order of the bankruptcy court in holding that the defective acknowledgement was insufficient to provide constructive notice of the mortgage to the trustee, and the mortgage was, therefore, avoidable by the trustee in the capacity of a bona fide purchaser under 11 U.S.C. § 544(a).

There is no "wet-ink signature" on a Citizens Bank promissory note introduced into evidence for an in-camera inspection. Mr. Carn stated under oath that no "wet-ink" promissory note had been seen by him.

There is <u>no contract</u> between the Citizens Bank and Stage Door. Normally, a borrower signs loan papers when the loan is made. A representative of the bank signs as well, but the ONLY capacity in which the bank's representative signs is so as to certify that the borrower's signature is valid and correct. The representative of the bank does NOT append his signature in a mode or manner that creates a contract between the borrower and the bank. The reason that the bank's representative does not sign in order to create a contract is that the bank is <u>aware that it is not giving</u> the borrower ANYTHING AT ALL. The Bank cannot be an injured party because it is illegal for a bank to loan its own money or the money of its depositors.

But that process does not create a contract, which is what an Admiralty court requires to be filed, in order to support any request for foreclosure PROVIDED A CONTRACT IS REQUESTED BY THE PERSON BEING FORECLOSED UPON, WHEN THE FORECLOSURE IS BEING CHALLENGED IN COURT.

A contract must have two parties. Since the federal courts require a contract with two signatures, an Ohio Federal Court voided foreclosures demanded by Deutsche Bank,

ruling that the de facto holders of the property in question 'owe nothing'. Just as Citizens Bank stated so did Deutsche Bank in saying that lenders or investors own the loan and services-companies that collect mortgage payments-- handle foreclosure? The basis of that (Ohio) ruling was as stated in the paragraphs above. In addition, Deutsche Bank could not provide the contract because it did not possess a contract...Accordingly; the court properly dismissed the foreclosure process.

## CLASSIC THEME

Mankind's history has been academically cataloged into thirty-three possible themes. This case falls into a theme that is epitomized by acts of Ahab, the king against Naboth as recorded in 1 Kings 21-22 and 2 Kings 9. Ahab wanted Naboth's Vineyard and, in this case, the defendants wanted a radio even though the TV, when sold, satisfied the alleged note.

The similarities are that both Ahab and the Defendants ignore that whatsoever is sown is also reaped. The record in this case clearly declares the sale of the radio as fraudulent, satisfaction of the note was also ignored, liens were fraudulently lifted temporarily to advance the close of the sale, and a conspiracy is paraded openly.

The main difference between the Old Testament accounts and the current era is that never before in the history of mankind was there a spotless victim hanging on a cross only to ascend to the right hand of the Majesty on High, and never before was God, the Holy Spirit to reside in man. God worked *for* Old Testament saints, but works in believers now.

The conversion of Stage Door from Chapter 11 to Chapter 7 is really a step necessary in the reaping of sown seed. An Involuntary Petition of the defendant's

creditors will move to the appointment of a trustee, the a date for a "proof of claim", then a time of discovery, and in a short time the liquidation of assets with the resulting funds applied toward the reduction of the debts. The summary is simply, "with what measure ye mete, it shall be measured to you again."

## HONORABLE SILENCE

NIHIL DICIT is defined as HE SAYS NOTHING. JUDGMENT BY NIL DICIT, is one rendered against a defendant for want of a plea. The plaintiff obtains a rule on the defendant to plead within a time specified, of which he serves a notice on the defendant or his attorney; if the defendant neglect to enter a plea within the time specified, the plaintiff may sign judgment against him.

Much has been said, but the parties to the claim and lien failed to put in a plea or answer the negative averment by the day assigned; and in this case judgment is given against all the silent moving parties of course, as they say nothing why it should not. Vide 15 Vin. Ab. 556; Dane's Ab. Index, h.t.

In the matter of the Bonded Promissory Note presented on May 3, 2008 by James Timothy Turner, Citizens Bank had ten days to process the note for complete offset of the alleged debt, or return the Bonded Promissory Note stamped dishonored and returned. Citizens Bank kept the note, which is by law the same as cash. The bank does not have the option of not accepting. Turner's Bonded Promissory Note discharged the note.

### § 3-310. EFFECT OF INSTRUMENT ON OBLIGATION FOR WHICH TAKEN.

(a) Unless otherwise agreed, if a <u>certified check</u>, <u>cashier's check</u>, or <u>teller's check</u> is taken for an obligation, the obligation is discharged to the same extent discharge would result if an amount of money equal to the amount of the <u>instrument</u> were taken in payment of the obligation. Discharge of the obligation does not affect any liability that the obligor may have as an <u>indorser</u> of the instrument.

(b) Unless otherwise agreed and except as provided in subsection (a), if a <u>note</u> or an uncertified <u>check</u> is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the <u>instrument</u> were taken, and the following rules apply:

(1) In the case of an uncertified <u>check</u>, suspension of the obligation continues until dishonor of the check or until it is paid or certified. Payment or certification of the check results in discharge of the obligation to the extent of the amount of the check.

(2) In the case of a <u>note</u>, suspension of the obligation continues until dishonor of the note or until it is paid. Payment of the note results in discharge of the obligation to the extent of the payment.

(3) Except as provided in paragraph (4), if the <u>check</u> or <u>note</u> is dishonored and the obligee of the obligation for which the <u>instrument</u> was taken is the <u>person entitled to enforce</u> the instrument, the obligee may enforce either the instrument or the obligation. In the case of an instrument of a third person which is negotiated to the obligee by the obligor, discharge of the obligor on the instrument also discharges the obligation.

(4) If the <u>person entitled to enforce</u> the <u>instrument</u> taken for an obligation is a person other than the obligee, the obligee may not enforce the obligation to the extent the obligation is suspended. If the obligee is the person entitled to enforce the instrument but no longer has possession of it because it was lost, stolen, or destroyed, the obligation may not be enforced to the extent of the amount payable on the instrument, and to that extent the obligee's rights against the obligor are limited to enforcement of the instrument.

"COURTS WILL 'DO THE RIGHT THING' IF THEY HAVE NO CHOICE."

Every human, from birth to his last breath, has the opportunity to accept God's remedy freely. If the remedy is not accepted, there is hell to pay. God is not able to forgive sin, as evidenced by the cross; instead, He provided a remedy as a free gift. He who violates the contract voids the contract. One who refuses the remedy must pay. All remedies have been refused.

Mr. Carn, Appointed Trustee swore under oath to having never seen "proof of claim" up until that time, never having been exposed to the FCC rules governing the operation of an FM.

Tax cases are addressed at 28 U.S.C.2461 and all tax revenue cases are done through the Admiralty, and are disguised as civil proceedings. Even the IRS wishes their liens to have standing, but even their filed "proof of Claims" are inadmissible in court because they bear the signature of one who has no first-hand knowledge of the alleged claims, and brands their submittals as "hearsay" evidence and inadmissible in court.

Please allow me to direct you to informative reading Title 49 U. S. Codes, Chapter 801 § 80113; Title 46 U. S. A. Appendix, Ch, 19-A §: 80116; Title 28 U.S. Codes §1605; Title 46: U. S. Codes Chapter: 22:§781.

The "*in rem*" arrest of the radio station and seizure of the tower site by the Trustee was rebutted and counterclaimed, but the rebuttal (counterclaim) was not even considered by this bankruptcy court. This is called an "in rem" action, because the vessel is seized without any proof. The creditor does not have to prove that the debt is owed unless someone files a counterclaim in a court. There can be no question that a counterclaim was filed. A Notice of Lien can be sent to an alleged debtor without any proof or any filing. The courts have termed this a "secret lien" because it is not filed anywhere. The UNITED STATES is the only government that has codified maritime liens into statutes, which is Title 46, Chapter 313. The secret lien is codified in 46 USC 31342. Maritime liens have a higher priority than all other liens. Their priority over statutory liens is stated in 46 USC 31307. Priority over common law liens is stated in 46 USC 31326. Mortgage liens, IRS tax liens and other government liens are listed at the lowest priority. Recorded maritime liens take priority over unrecorded liens and are

called preferred maritime liens. The standard dictionary defines vessel as "a person as an agent or holder of something".

## FACTS

This court has ordered the converting of the Case from Chapter 11 to Chapter 7 and has again appointed Mr. Carn as trustee. My objection was noted and is formally objected to by this writing. Citizens Bank agreed to not being a proper party and had no standing to sue for foreclosure. Citizens Bank and others agreed to the commission of 'bad faith acts' and therefore, committed willful, wanton, malicious, frivolous, fraudulent, and other outrageous acts, all as confessed to in the Affidavit of Negative Averment.

Citizens Bank misrepresented a number of issues before the Coffee County Circuit Court and before the Bankruptcy Court of the Middle District of Alabama., including but not limited to false representations that they were the proper party and had standing to sue Stage Door Development, Inc. and Josie Park Broadcasting, Inc. This frivolous and malicious litigation caused the sued parties to devote all of their time defending against the litigation, causing their broadcast businesses to suffer financially to the point of being defunct.

After almost 2 years of contentious litigation in the Alabama state court, and Bankruptcy Court, Stage Door and Josie Park accused Citizens Bank of willfully refusing to produce the original, wet-ink signed mortgage note and other required pertinent lending documents, willfully failed to accept or return lawful offset documents, and willful violations of predatory lending practices of 'balloon payments' and 'equity stripping' of the properties in question.

Refusing rebuttal evidence the United States Bankruptcy Court for the Middle District of Alabama ruled that Citizens Bank was the proper party, had standing to bring suit against Stage Door, and in turn appointed the bank's former attorney as Trustee, all for foreclosure of the property, and heard stated that Citizens Bank had committed 'bad faith' acts including never showing to the court or the Trustee the original wet-ink signature on a mortgage. The Judge Dwight Williams refused a proposed electronic forensic accounting examination which could have proven that Citizens Bank had not sold the note. Instead, the Judge Williams ordered the sell of the Stage Door's property. In fact, the Trustee and attorney, who had formally represented Citizens Bank, admitted in open court, that Citizens Bank had not presented the wet-ink signature document which would confirm the Bank as a proper party.

No valid original, wet-ink signed promissory (mortgage) note has ever been produced for examination.

The Counterclaim and subsequent liens is an action to obtain redress in monetary damages for the unconstitutional deprivation of liberties guaranteed by the Constitution for the United States of America, First, Fourth, Fifth, Seventh, Ninth and Fourteenth Amendments, and to obtain redress in monetary damages for common law torts of fraud, deception, outrageous conduct, fraudulent conversion of property, intentional infliction of emotional distress, violations of fiduciary duty causing the defrauding of Stage Door and Josie Park.

Almost every filing with the court was written these words, "NO ONE HAS PERMISSION TO ALTER OR DISMISS THESE CLAIMS AND LIENS." Please know

that no permission is granted this court from me to convert this case from Chapter 11 to Chapter 7.

*H. Jackson Mizell* (signature)
H. Jack Mizell, in propria persona
285 East Broad Street
Ozark, AL 36360
334-774-7673
fax 334-774-6450
July 25, 2009

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing <u>OPPOSITION TO CONVERSION FROM CHATER 11 TO CHAPTER 7</u> has this 25th day of July 2009, been made by depositing copies thereof, postage prepaid, in the United States mail addressed to the following:

Teresa R. Jacobs, Bankruptcy Administrator.
United States Bankruptcy Court
Middle District of Alabama
One Church Street, B003
Montgomery, AL 36104

WILLIAM C. CARN III
TRUSTEE
P.O.BOX 1665
DOTHAN, ALABAMA 36104

COLLIER H. ESPY, JR.
ATTORNEY AT LAW
P.O. DRAWER 6504
DOTHAN, AL 36302-6504

*/s/ Haywood Jackson Mizell*
Haywood Jackson Mizell, in propria persona
285 East Broad Street
Ozark, AL 36360