UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 07-11638-DHW
                                                   Chapter 11
STAGE DOOR DEVELOPMENT, INC.,

   Debtor.


RECOMMENDATION OF UNITED STATES BANKRUPTCY JUDGE
FOR WITHDRAWAL OF REFERENCE AND IMPOSITION
OF CRIMINAL CONTEMPT

Citizens Bank filed a renewed motion on July 30, 2009 for sanctions against H. Jack Mizell, the debtor's president. The motion is predicated on Mizell's collateral attacks on lawful orders of this court. The alleged conduct constitutes criminal contempt of court. Because of the limited contempt jurisdiction of the bankruptcy court, the undersigned recommends that the reference with respect to the motion be withdrawn.

A brief procedural history may prove useful. The debtor filed this chapter 11 case on November 26, 2007. Citizens Bank, the debtor's primary secured creditor, moved for the appointment of a trustee. Following an evidentiary hearing, the court appointed a chapter 11 trustee on January 10, 2008. On July 3, 2008, the court approved the trustee's sale of the debtor's only substantial asset, a radio station, to Gulf South Communications, Inc. The order was not appealed.

In August and September 2008, Mizell filed two "emergency" petitions seeking to stop the sale. The court denied the petitions on August 7 and September 11, 2008. Mizell appealed the September 11 order, and the order was affirmed by the District Court.

In an apparent attempt to thwart the court-approved sale and harass the parties involved, Mizell filed "notices of claim of maritime lien," each in the amount of $17.6 billion, against Citizens Bank, the trustee, and the

purchaser, as well as their principals and attorneys, in various state courts in the counties where the parties reside. Mizell also filed two financing statements with the Secretary of State of Alabama. The lien notices are not based on any valid debt but nevertheless cloud title to property. Citizens Bank and the trustee filed a motion on January 15, 2009 for injunctive relief and sanctions. Gulf South Communications, Inc., joined in the motion.

Following a February 11, 2009 hearing on the motion, the court concluded that the "liens are invalid, illegal, and wholly without support or merit. It appears that the liens were filed in an effort to harass, intimidate, and thwart the lawful administration of this bankruptcy estate." (Doc. #181). In an effort to fashion a remedy no more harsh than necessary to achieve the desired result, the court entered an order for civil contempt avoiding the liens and awarding $2,500 in compensatory damages against Mizell to each of the parties against whom a lien had been filed.[1] Mizell did not appeal the order. A copy of the order is attached.

Citizens Bank filed the instant motion on July 30, 2009, renewing its request for sanctions against Mizell. The bank states that following the February 11, order, the bank's attorney filed a termination statement with the Alabama Secretary of State and notices in the various probate courts that the alleged "maritime liens" had been judicially held to be void. However, Mizell then filed a "correction statement" with the Alabama Secretary of State's office stating that the termination statement was "fraudulent." The result is that the Secretary of State's office is again listing the original financing statements as active. Mizell also filed notices with the various probate courts stating that the bankruptcy court had no authority to avoid the previously recorded liens.

Contempt of court is any act that is calculated to embarrass, hinder,

---

[1] A wide range of sanctions (including imposing a fine and/or imprisonment) may be imposed against civil contemnors. The order awarded damages against both Mizell and Timothy Turner, a co-filer of the liens. The damages against Mizell may be uncollectible because the bank alleged that he is judgment-proof.

2

or obstruct the court in its administration of justice or that is calculated to lessen its authority or its dignity. *Black's Law Dictionary* 319 (6th ed. 1990). Contempt may be classified as civil or criminal.

> The primary purpose of a civil contempt sanction is to compensate losses sustained by another's disobedience to a court order and to compel future compliance with court orders. In contrast, the primary purpose of a criminal contempt sentence is to punish the defiance of a court's judicial authority through a fine or imprisonment.

*Utah State Credit Union v. Skinner (In re Skinner),* 90 B.R. 470, 478 (D. Utah 1988). Criminal contempt consists of an action taken in disrespect of the court or its process or that obstructs the administration of justice. *Black's Law Dictionary*, 319 (6th ed. 1990).

If the allegations of the motion are true, Mizell has engaged in criminal contempt. The issue of whether a bankruptcy court has authority to sanction for criminal contempt is a matter of controversy. *See Griffith v. Oles (In re Hipp)*, 895 F.2d 1503 (5th Cir. 1990) (no criminal contempt authority); *Brown v. Ramsay (In re Ragar)*, 3 F.3d 1174 (8th Cir. 1993) (criminal contempt authority subject to *de novo* review).[2]

Because the bankruptcy court jurisdiction is questionable, and in the interest of judicial economy, the bankruptcy court hereby recommends that the United States District Court for the Middle District of Alabama withdraw the reference of the renewed motion for sanctions, and any other similar motion that may be filed by other parties, and impose sanctions for any criminal contempt committed by Mizell.

---

[2] The *Ragar* case did not consider the issue whether the bankruptcy court had authority to enter a criminal contempt order subject to the appellate power of the district court.

3

Respectfully submitted this the 31st day of July, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

4

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                       Case No. 07-11638-DHW
                                                            Chapter 11
STAGE DOOR DEVELOPMENT, INC.,

       Debtor.


ORDER AVOIDING LIENS *AB INITIO*

      William C. Carn, III, chapter 11 trustee, and creditor Citizens Bank filed a motion, as amended, to declare certain "liens" filed by the debtor's president, H. Jack Mizell, and James Timothy Turner, null and void, to enjoin them from any further such false filings, and to enter appropriate sanctions against Mizell and Turner, including contempt of court. Gulf South Communications, Inc. joined in the motion, requesting attorney fees, costs, and expenses incurred in connection with efforts to invalidate the liens.

      The motion came on for hearing on February 11, 2009. Upon consideration of the motion at the hearing, the court concludes that the liens are invalid, illegal, and wholly without support or merit. It appears that the liens were filed in an effort to harass, intimidate, and thwart the lawful administration of this bankruptcy estate. Accordingly, it is

      ORDERED that the following liens filed by Mizell and Turner against the following persons are DECLARED void *ab initio*:

      1. William Carn, recorded in the Probate Court of Houston County, Alabama, at Miscellaneous Book 268, Page 68.

      2. Gulf South Communications, recorded in the Circuit Court of Lauderdale County, Mississippi, as a foreign judgment, File No. 1016647.

5

3. Ronald W. Eubanks, recorded in the Probate Court of Houston County, Alabama, at Miscellaneous Book 268, Page 69.

4. Citizens Bank, recorded in the Probate Court of Coffee County, Alabama, at Book 472, Page 357.

5. Whit Armstrong, recorded in the Probate Court of Coffee County, Alabama, at Book 472, Page 356.

6. Jimmy H. Baker, recorded in the Probate Court of Montgomery County, Alabama at PLPY Book 00100, Page 0072.

7. Hand Arendall LLC, recorded in the Probate Court of Mobile County, Alabama, at Book 6473, Page 1603.

8. Henry Callaway, III, recorded in the Probate Court of Mobile County, Alabama at Book 6473, Page 1604.

9. Roger Bates, recorded in the Probate Court of Jefferson County, Alabama at Book LR2008-13, Page 4405.

10. UCC Financing Statement Number B 08-07111483 filed in the Office of the Secretary of State of Alabama.

11. UCC Financing Statement Number B 08-7111607 filed in the Office of the Secretary of State of Alabama.

The request for injunctive relief was not requested by way of adversary proceeding, and that request is DENIED. *See* Fed. R. Bankr. P. 7001. Separate judgments will enter awarding attorney fees, costs, and expenses in favor of the above parties against Mizell and Turner.

Done this 11th day of February, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   C. H. Espy, Jr., Attorney for Debtor
   H. Jack Mizell
   James Timothy Turner
   William C. Carn, III, Trustee
   William W. Nichols, Attorney for Trustee
   Henry A. Callaway, III, Attorney for Citizens Bank
   Herbert H. West, Jr., Attorney for Gulf South Communications