IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

IN RE:

STAGE DOOR DEVELOPMENT, INC.,              CIVIL ACTION NO.
                                                                        1: 09cv727-MHT

    Debtor.

### REPORT AND RECOMMENDATION OF UNITED
### STATES BANKRUPTCY JUDGE, DWIGHT H. WILLIAMS, JR.

On July 30, 2009, the Citizens Bank filed in the United States Bankruptcy Court for this district a renewed motion for sanctions (Doc. #254) in the underlying bankruptcy proceeding of Stage Door Development, Inc. (07-11638). On July 31, 2009, the undersigned filed a recommendation that the District Court withdraw its jurisdictional reference with respect to Citizens Bank's motion in that, if the facts asserted in the motion proved to be true, sanctions for criminal contempt were possibly appropriate.

On August 14, 2009, the United States District Court entered an order which, *inter alia*, withdrew the jurisdictional reference with respect to the Citizens Bank's motion but which referred the matter back to the undersigned for an additional report and recommendation.

Thereafter, the Bankruptcy Court set Citizens Bank's renewed motion for sanctions for hearing in Dothan, Alabama on September 9, 2009. Upon consideration of the matters adduced at the hearing, the undersigned recommends that H. Jack Mizell be held in criminal contempt of court.

### Procedural History of Bankruptcy Proceeding

Stage Door Development, Inc. filed a voluntary, chapter 11 petition for relief in the United States Bankruptcy Court for this district on November 26, 2007. H. Jack Mizell is the president of Stage Door Development, Inc.

On December 12, 2007, the Citizens Bank filed a motion for the appointment of a trustee in the chapter 11 case (Doc. #20 and amended at Docs. #22 and #35). Following an evidentiary hearing on the motion, the undersigned granted Citizens Bank's motion and appointed William C. Carn, III as trustee. Thereafter, following a notice and hearing, the Bankruptcy Court granted on July 3, 2008, the trustee's motion to sell Stage Door Development, Inc.'s only substantial asset, a radio station, to Gulf South Communications (Doc. #85).[1]

On January 28, 2009, Citizens Bank and the trustee filed a joint motion for injunctive relief and for sanctions (Doc. #167 as amended by Doc. #174). Also, joining in the motion was Gulf South Communications, Inc. (Doc. #171). The motions alleged H. Jack Mizell had filed notices of "maritime lien," each in the amount of $17.6 billion, against numerous parties to the bankruptcy proceeding both in the Office of the Alabama Secretary of State and in the home counties of the parties.[2]

These motions for sanctions were set for hearing on February 11, 2009.

---

[1] In August 2008, H. Jack Mizell filed two "emergency motions" seeking to stop trustee's sale of the radio station. The motions were denied by this court on August 7, and September 11, 2008, respectively. An appeal was taken by H. Jack Mizell, but the Bankruptcy Court's order was affirmed.

[2] H. Jack Mizell recorded a "maritime lien" against 1) William Carn, Trustee, in the Probate Court of Houston County, Alabama; 2) Gulf South Communications in the Circuit Court of Lauderdale County, Mississippi; 3) Ron Eubanks, a representative of Gulf South Communications, in the Probate Court of Houston County, Alabama; 4) Citizens Bank in the Probate Court of Coffee County, Alabama; 5) Whit Armstrong, president of Citizens Bank, in the Probate Court of Coffee County, Alabama; 6) Jimmy Baker, agent for Citizens Bank, in the Probate Court of Montgomery County, Alabama; 7) Hand Arendall LLC, counsel for Citizens Bank, in the Probate Court of Mobile County, Alabama; 8) Henry Callaway, attorney for Citizens Bank, in the Probate Court of Mobile County, Alabama; and 9) Roger Bates, attorney for Citizens Bank, in the Probate Court of Jefferson County, Alabama. In addition, H. Jack Mizell filed UCC-1 financing statements in the office of the Alabama Secretary of State in the amount of $17.6 billion against The Citizens Bank, Hand Arendall LLC, Gulf South Communications, Inc., Whit Armstrong, Lee and McInish, PC, William C. Carn, III, Roger L. Bates, and Henry A. Callaway.

2

Following the hearing, the Bankruptcy Court entered orders declaring the liens void *ab initio* and imposing monetary sanctions against H. Jack Mizell for civil contempt (Docs. #181 through #192) in lieu of harsher sanctions for criminal contempt. This court concluded that

> . . . the liens are invalid, illegal, and wholly without support or merit. It appears that the liens were filed in an effort to harass, intimidate, and thwart the lawful administration of this bankruptcy estate.

Order Avoiding Liens *Ab Initio*, Doc. #181, Feb. 11, 2009.

## The Renewed Motion for Sanctions

As earlier noted, the Citizens Bank filed a renewed motion for sanctions on July 30, 2009. Therein, Citizens Bank alleges that, pursuant to this court's order voiding the liens asserted by H. Jack Mizell, it filed UCC-1 termination statements with the Alabama Secretary of State and notices with the various probate courts wherein Mizell's liens were originally asserted. Citizens Bank further asserts that

> "[u]ndeterred by the Court's prior order and sanctions against him, Mr. Mizell filed a "correction statement" with the Secretary of State's office stating that the termination statement filed by the undersigned was 'fraudulent.' . . . Mr. Mizell has also filed notices with the various probate courts – each referring to the recording information for his original recorded maritime liens – stating his defiance of the Court's order voiding the original liens."

Citizens Bank's Renewed Motion for Sanctions, Doc. #254, July 30, 2009. As a result of H. Jack Mizell's actions taken subsequent to the voiding of the liens by order of the Bankruptcy Court, the Alabama Secretary of State is again listing the original lien as being active. In addition, H. Jack Mizell's actions subsequent to the voiding of his liens in the respective probate courts cloud title to property of various parties and persons participating in this bankruptcy proceeding. H. Jack Mizell does not deny that he took actions subsequent to the

voiding of his liens which were designed to reinstate the liens by asserting that the documents filed by Citizens Bank were fraudulent and without authority.

## Recommendation

Upon consideration of the foregoing, the undersigned concludes that H. Jack Mizell's actions constitute criminal contempt of court. Those actions were taken in defiance of the Bankruptcy Court's judicial authority. Further, Mizell's actions were designed to thwart the court's process, to obstruct the administration of justice, and to illegally harass and intimidate other parties to the underlying bankruptcy proceeding. Finally, less harsh remedies of civil sanctions have proven ineffective.

Accordingly, the undersigned recommends that the District Court 1) enter an order again voiding, *ab initio*, any liens or clouds on title caused by H. Jack Mizell against these parties and persons; and 2) finding H. Jack Mizell guilty of criminal contempt of court and sentencing him to be incarcerated for a period of 30-days.

The undersigned, however, would temper this recommendation with respect to Mizell's incarceration if Mizell would volitionally and unequivocally release any claim of lien against the parties and persons in every jurisdiction wherein one was asserted, provide proof of the same to the District Court, and satisfy the District Court that he will take no future action to reimpose liens against these parties and persons without the prior approval of a court of competent jurisdiction.

Respectfully submitted this the 11th day of September, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: H. Jack Mizell
   Henry A. Callaway, III, Attorney for Citizens Bank
   Collier H. Espy, Jr., Attorney for Stage Door Development, Inc.